UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ODEMARIS QUIROS,

                Plaintiff,

vs.                           Case No. 2:11-cv-243-FtM-29DNF

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                Defendant.
_____/

**OPINION AND ORDER**

This matter is before the Court on consideration of Magistrate Judge Douglas N. Frazier's Report and Recommendation (Doc. #23), filed on April 2, 2012, recommending that the Commissioner's decision to deny social security disability benefits be reversed and remanded with instructions to the Commissioner. The Commissioner filed Objections (Doc. #24) on April 6, 2012.

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Crawford, 363 F.3d at 1158. Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision

reached is supported by substantial evidence. <u>Crawford</u>, 363 F.3d at 1158-59. The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. <u>Moore</u>, 405 F.3d at 1211; <u>Dyer v. Barnhart</u>, 395 F.3d 1206, 1210 (11th Cir. 2005). The magistrate judge, district judge and appellate judges all apply the same legal standards to the review of the Commissioner's decision. <u>Dyer</u>, 395 F.3d at 1210; <u>Shinn v. Comm'r of Soc. Sec.</u>, 391 F.3d 1276, 1282 (11th Cir. 2004); <u>Phillips v. Barnhart</u>, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

The Commissioner's objections assert that (1) remand is not necessary because the error identified by the magistrate judge as to residual functional capacity was clerical and harmless, and (2) the determination that a vocational expert should have been called is a misapplication of Eleventh Circuit law, which was ignored by the magistrate judge. (Doc. #24.) After an independent review of the record, the Court agrees with the findings and recommendations in the Report and Recommendation and overrules the objections.

The Report and Recommendation found that the Decision by the Administrative Law Judge (ALJ) was unclear as to what level of work plaintiff was able to perform. (Doc. #23, pp. 12-13.) The ALJ found that plaintiff's additional limitations had little or no effect "on the occupational base of unskilled medium work," but the next paragraph twice refers to plaintiff's ability regarding

"light" work. (Tr. 16.) The Commissioner asserts that this is simply a harmless "clerical error," "an oversight in the ALJ's writing and review process" and an "accidental[] reference[]." (Doc. #24, pp. 1-3.)

The difference between medium work and light work is material, and a review of the ALJ's Decision does not allow the Court to discern the basis for his findings. In this situation, a remand for the Commissioner to explain the basis for the Decision is appropriate. <u>Falcon v. Heckler</u>, 732 F.2d 827, 830 (11th Cir. 1984). If an ALJ does not make clear his or her decision process, a remand is required. <u>Hudson v. Heckler</u>, 755 F.2d 781, 786 (11th Cir. 1985); <u>Jamison v. Bowen</u>, 814 F.2d 585, 588-89 (11th Cir. 1987) (citations omitted) ("Where we cannot determine from the ALJ's opinion whether the ALJ applied the statutory requirements and the Secretary's regulations as construed by this circuit, we cannot effectively perform our duty to ensure that the proper regulatory requirements were in fact applied. . . . [I]n order to make our review meaningful, we must be able to determine what statutory and regulatory requirements the ALJ did in fact apply—where we cannot do that we must vacate and require a remand to the Secretary for clarification."). Because the Court cannot sufficiently determine the basis for the ALJ's decision, plaintiff has satisfied the burden of showing the error was not harmless. The Commissioner's objection is overruled.

The Commissioner also objects to the recommendation of a remand to obtain vocational expert testimony. The Commissioner asserts that the magistrate judge "did not consider the ALJ's finding" that plaintiff's non-exertional limitations "did not significantly limit the medium work job base," and that the magistrate judge did not consider Phillips v. Barnhart, 357 F.3d 1232, 1243 (11th Cir. 2004). (Doc. #24, pp. 4-5.) The Commissioner is wrong on both counts.

The Report and Recommendation specifically cites and accurately quotes Phillips in the section discussing this issue. (Doc. #23, p. 14.) The Report and Recommendation also accurately states that reliance on the Grids is not appropriate when a plaintiff "has limitations that significantly limit work skills." (Doc. #23, p. 15.) The ALJ simply found that the non-exertional limitations had little or no impact on plaintiff's "occupational base" and left her "occupational base" intact. (Tr. 16.) Thus, the ALJ did not articulate any "findings" as to the relevant "work skills" as required in Phillips. The Commissioner's objection is overruled.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. #23) is accepted and adopted by the Court. The Commissioner's Objections (Doc. #24) are **OVERRULED**.

2.  The Decision of the Commissioner of Social Security is **REVERSED** and the matter is **REMANDED** to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) so that the Commissioner can obtain the testimony of a vocational expert to determine the types of jobs that plaintiff can perform based on her limitations, and clarify whether plaintiff's residual functional capacity is limited to medium work or light work.

3.  The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __19th__ day of April, 2012.

Je

                                                JOHN E. STEELE
                                                United States District Judge

Copies:

Hon. Douglas N. Frazier

U.S. Magistrate Judge


Counsel of Record